PER CURIAM.
The Florida Bar has filed a petition with this Court to amend the Rules Regulating the Florida Bar governing the Basic Skills Course Requirement (BSCR). We have jurisdiction. See art. V, § 15, Fla. Const
BACKGROUND
In 1988, this Court adopted a mandatory basic skills course requirement for all new admittees to The Florida Bar. See Fla. Bar re Amendment to Rules Regulating Fla. Bar, Rule 6-12.1 (Basic Skills Course Requirement), 524 So.2d 634 (Fla.1988). The Court provided the following explanation for the creation of the requirement:
[T]he program serves a significant public purpose by assuring that newly admitted lawyers have an opportunity to begin their legal career with some practical understanding of the practice of law in Florida. The practical lessons learned in this program could not only save client expense, but also assist a new lawyer in avoiding costly and irreversible ' errors ... This program is fully consistent with the philosophy of mandatory continuing legal education, which this Court recently adopted for Florida’s practicing bar and judiciary.
Id. at 634. The rules adopted by the Court provided an exemption from the BSCR for government employees during the duration of their government employment. See id. at 638.[1]
Under current Rule Regulating the Florida Bar 6-12.3, Requirement, compliance with the BSCR entails the following: (1) completing the Practicing with Professionalism program (PWP) sponsored by the Young Lawyers Division of The Florida Bar (YLD) no sooner than eight months prior to or not later than twelve months following admission to the Bar; and (2) completing two elective, basic, substantive continuing legal education (CLE) programs sponsored by the YLD during the *184 Bar member’s initial three-year CLE reporting cycle. Current Rule 6-12.4, Deferment and Exemption, allows, full-time government employees to defer compliance with the BSCR. After a member ceases to be a full-time government employee, rule 6-12.4 affords the member twelve months to attend the PWP, and twenty-four months to complete the three elective YLD courses.
In the instant petition, the Bar proposes amending rules 6-12.3 and 6-12.4 to reflect changes in the PWP and to change the deferral of the BSCR for full-time government employees. The proposals were considered and approved by The Florida Bar Board of Governors. The proposals were published by the Bar and the Court in the January 1, 2004, and the October 1, 2004, editions of The Florida Bar News, respectively, and comments were invited.
ANALYSIS
Having heard oral argument and considered the comments filed, we hereby adopt the Bar’s proposals; however, we modify the proposed amendment to rule 6-12.4 to incorporate the substance of the comment into subdivisions (a) and (e) of the rule. We discuss the more substantive amendments below.
With regard to Rule 6-12.3, Requirement, we amend subdivision (a), Course Components, to codify that the PWP shall be one day in length. We further amend subdivision (a) to increase the required number of basic, elective YLD courses from two to three. We amend subdivision (b), Time for Completion, to allow individuals to complete .the PWP up to twelve months before admission to the Bar.
In its petition, the Bar stated that much of the prior criticism directed toward the PWP was that it contained too much substantive material that was inapplicable to many lawyers’ practices, particularly the practice of government lawyers. The Bar states that by reducing the PWP to one day, the substantive course materials have been eliminated from the course, and the professionalism and ethics portions have been refopused to apply to all new lawyers, regardless of their practice. Because the amount of time that new Bar members spend in a course dedicated to ethics and professionalism has been reduced, we conclude that it is logical to compensate for the time taken out of the PWP by requiring attendance at an additional basic YLD course, where the attorney can select the most relevant subject matter.
We next amend Rule 6-12.4, Deferment and Exemption, to no longer exempt full-time government employees from attending the PWP. However, consistent with the Bar’s recommendation, we adopt a “grandfather clause” that leaves the deferral in place for certain government employees and exempts others from the PWP altogether. The Bar initially proposed that the clause be placed in a comment following the rule; however, pursuant to a request from the Government Lawyers Section of The Florida Bar, and having received no objection from the Bar, we adopt a modified version of the clause in the body of the rule under subdivisions (a), Deferment, and (c), Exemption. As created, new subdivision (a)(1)(E) provides that full-time government employees who were deferred from the PWP requirement at the time of the amendment to the rule continue to be eligible for the deferment as long as they continuously remain in government practice. Under subdivision (c), -those employees who were deferred from the PWP requirement at the time of the amendment to the rule and had already or thereafter served for six years in governmental practice would be granted an exemption from the PWP requirement. As amended, the rule continues to allow *185 full-time government employees to defer the requirement under the rules that they attend three basic YLD courses. However, rule 6-12.4 is further amended to completely exempt from the three basic YLD courses Bar members who have been continuously engaged in the practice of law for a Florida or federal governmental entity as a full-time governmental employee for a period of at least six years.
In eliminating the deferral of government employees from the PWP requirement, we find that the Bar has a compelling interest in informing its new members of vital information and explanations necessary for the practice of law in Florida. Further, we conclude that in order for government lawyers to receive the best professionalism training possible, they must hear the views of private sector lawyers. The purpose of the revisions is to foster a community of professionalism that transcends practice area. We agree with the Bar that this community atmosphere would not be complete if newly admitted private and government lawyers were not able to interact with each other.
In the comments and at oral argument, two primary concerns arose regarding the elimination of the deferral of the PWP requirement for government employees. First, although the reduction of the PWP to a one-day course has reduced the cost of attending the PWP from $190 to $135 per person, this is still a significant expenditure for some of the lowest paid attorneys in the profession. Further, many of these new attorneys have substantial student loans. At oral argument, the Bar stated that it has created a number of $75 scholarships to defray the cost of attending the PWP, which it will award to attorneys based on need.[2] While we applaud the Bar for taking this step to make attendance at the PWP less of a financial burden for attorneys who serve in government positions, we emphasize the continued importance of exploring options by which it can make attendance at the PWP more affordable.
The second concern raised with regard to the PWP requirement is its relevance to the practice of law by government employees. For example, the Florida Prosecuting Attorneys Association (FPAA) filed a comment asserting that while it understands the Bar has a compelling interest in informing new members of vital information as to the practice of law, the ethical issues facing assistant state attorneys (ASAs) are quite different than other government attorneys and private attorneys. The FPAA states that for thirty-five years it has supplied ASAs with continuing legal education placing special emphasis on ethics and professionalism issues that are unique to prosecutors. The FPAA argued that requiring ASAs to attend the PWP in addition to the professionalism training provided by FPAA would be redundant. Nancy Daniels, appearing at oral argument on behalf of the Florida Public Defender Association (FPDA), similarly expressed the belief that there are unique ethical issues faced by public defenders. According to Daniels, the FPDA believes that there should be a criminal law PWP track, or that at least a portion of the PWP should be dedicated to ethics in criminal law.
We do not believe that the ethical issues present in private and public law are so *186 different that a single course could not adequately serve both practice areas. At the same time, it is possible that the PWP could be revised to make it more relevant to attorneys in public service. We believe that one • way to ensure that the PWP benefits all lawyers is for the YLD and government attorney organizations to communicate with each other regarding the planning and development of the PWP course. We would note that to some extent this dialogue has already begun. For example, the Government Lawyers Section of The Florida Bar worked closely with the YLD on the proposals to amend the rules in a manner that was agreeable to the section. Further, Nancy Daniels stated at oral argument that YLD has already agreed to accept a representative from FPDA to assist in the development of the PWP course. We similarly encourage FPAA and the YLD to work together on planning and refining the PWP program so that all attorneys, private and public, receive the most complete and relevant professionalism experience from the course.
CONCLUSION'
Accordingly, we amend the Rules Regulating the Florida Bar as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. We express our gratitude to the YLD, the Government Lawyers Section of the Florida Bar, and any others who collaborated in proposing the instant changes. Our thanks also to the individuals who filed comments, and especially those who participated in oral argument.' The amendments shall become effective immediately.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ„ concur.
APPENDIX
RULE 6-12.3 REQUIREMENT
(a) Course Components. Compliance with BSCR shall include in-person attendance at:
(1) thea 1-day Practicing with Professionalism program sponsored by the YLD; and
(2) 23 elective, basic, substantive continuing legal education programs sponsored by the YLD.
(b) Time for Completion. BSCR shall be completed as follows:
(1) the Practicing with Professionalism program shall be completed no sooner than §12 months prior to or no later than 12 months following admission to The Florida Bar; and
(2) the 23 elective, basic, substantive continuing legal education programs shall be completed during the member’s initial 3-year continuing legal education requirement reporting cycle assigned upon admission to The Florida Bar.
RULE 6-12.4 DEFERMENT AND EXEMPTION
(a) Deferment of Practicing with Professionalism Requirement.
(1) Deferment Eligibility. A member of The Florida Bar is eligible to defer compliance with the BSCR requirements of rule 6-12.3(a)(l), if:
(AA) the member is on active military duty;
(2B) compliance would create an undue hardship;
(3C) the member is a nonresident member whose primary office is outside the state of Florida;
*187 (4) the member is a full-time governmental employee; or
(5D) the member elects inactive membership status in The Florida Bar; or
(E) the member is a full-time government employee who had benefitted from the deferment of the Practicing; with Professionalism requirement as of its May 12, 2005, elimination, as long as the member continuously remains in government practice.
(fe2) Deferment Expiration. A deferment of the requirements of rule 6-12.3(a)(1) as provided under this rule shall expire at the time the member is no longer eligible for deferment. Upon expiration, a member must:
(4A) promptly notify The Florida Bar in writing of the date deferment expired; and
(2B) attend the Practicing with Professionalism program within 12 months of deferment expiration; and
(3) attend 2- elective-, basic, substantive continuing legal education programs sponsored-by the YLD within-24 months-of deferment expiration.
(b) Deferment of Basic Level YLD Courses.
(1) Deferment Eligibility. A member of The Florida Bar is eligible to defer compliance with the requirements of rule 6-12.3(a)(2) if:
(A) the member is on active military duty;
(B) compliance would create an undue hardship;
(C) the member is a nonresident member whose primary office is outside the state of Florida;
(D) the member is a full-time governmental employee; or
(E)the member elects inactive membership status in The Florida Bar.
(2) Deferment Expiration. A deferment of the requirements of rule 6-12.3(a)(2) as provided under this rule shall expire at the time the member is no longer eligible for deferment. Upon expiration, a member must:
(A) promptly notify The Florida Bar in writing of the date deferment expired; and
(B) attend 3 elective, basic, substantive continuing legal education programs sponsored by the YLD within 24 months of deferment expiration.
(c) Exemption. An exemption from-rule
6-12.3(a)(2) shall be granted if:
(1) Governmental Practice. An exemption from rule 6-12.3(a)(l) shall be granted if a member who had benefitted from the deferment of the Practicing with Professionalism requirement as of its May 12, 2005, elimination has already or thereafter been continuously engaged in the practice of law for a Florida or federal governmental entity as a full-time governmental employee for a period of at least 6 years. An exemption from rule 6-12.3(a)(2) shall be granted if a member has been continuously engaged in the practice of law for a Florida or federal governmental entity as a full-time governmental employee for a period of at least 6 years.
(2) Foreign Practice. An exemption from rule 6-12.3(a)(2) shall be granted if a member has been continuously engaged in the practice of law (non-governmental) in a foreign jurisdiction for a period of 5 years? (2-)-within the immediate -3-year period, the member, can demonstrate completion of 30 hours of approved continuing legal education? within the immediate 3-year period, and (3) the membercan attests that the continuing legal education completed has *188 reasonably prepared the member for the anticipated type of practice in Florida.

. Exemptions were created for other Bar members, including those in extended active military service, nonresident members of The Florida Bar whose primary offices are outside the State of Florida, and members who could demonstrate circumstances presenting an undue hardship. See id.

. At oral argument, Mark Romance, appearing on behalf of the Bar, clearly stated that a reduction in the PWP attendance fee would not apply to all government attorneys. Romance went on further to say that there are some attorneys whose need for a reduction in the fee is even greater than that of government lawyers, for example, attorneys who are unemployed.